IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPLIANT RX SOLUTIONS INC. | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|   v. | : | |
| | : | |
| XO COMMUNICATIONS, et al., | : | NO. 05-CV-676-LDD |
|     Defendants/Third Party Plaintiffs, | : | |
| | : | |
|   v. | : | |
| | : | |
| HENRY COMMUNICATIONS, INC. | : | |
|     Third Party Defendant. | : | |

<u>MEMORANDUM</u>

LEGROME D. DAVIS, J.                                                                                     APRIL 13, 2006

    Presently before this Court is the Motion to Dismiss and, Alternatively, Motion for Summary Judgment filed by XO Communications, Inc. and XO Texas, Inc. (Doc. No. 33) and Plaintiff's response thereto (Doc. No. 37).[1]  For the reasons that follow, Defendants' Motion is denied.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    On April 1, 2002, XO Communications, Inc. and XO Texas, Inc. ("XO Defendants") and/or Defendant Victor J. Quinones entered into a written agreement ("Agreement") with Plaintiff Compliant Rx Solutions, Inc. ("Compliant").[2] Am. Compl. ¶ 11.  Defendant Quinones,

---

[1] According to this Court's Policies and Procedures, reply briefs may be filed only with leave of the Court.  As leave of the Court was not sought, defendants' reply brief will not be considered.

[2] Plaintiff Compliant is a successor-in-interest to Targeted Media for Medicine, Inc., the company that entered into the Agreement with XO Defendants.  Am. Compl. ¶ 1.  XO Texas, Inc. is a subsidiary of XO Communications, Inc.  <u>Id</u>. ¶ 4.

1

who was employed by XO Defendants at the time, signed the Agreement. Id. ¶¶ 10, 11.  Prior to entering into the Agreement, Defendant Quinones represented to plaintiff that he had authority to enter the Agreement on behalf of XO Defendants. Id. ¶ 12.  Pursuant to the Agreement, plaintiff provided various telecommunications services to XO Defendants and/or Defendant Quinones and customers of XO Defendants.[3]  Id. ¶ 16.  XO Defendants and/or Defendant Quinones agreed to pay plaintiff for telecommunications services according to a schedule attached to the Agreement. Id. ¶ 17.  Plaintiff sent XO Defendants five invoices totaling $154,531.97 for services provided between April 4, 2002 and May 20, 2002.[4]  Id. ¶¶ 19-24.  XO Defendants did not pay any of the invoices. Id. ¶ 24.

On January 13, 2005, plaintiff commenced this action against XO Defendants in the Philadelphia Court of Common Pleas, alleging breach of contract, estoppel, unjust enrichment, restitution and quantum meruit.  On February 11, 2005, XO Defendants removed this matter to this Court based on diversity jurisdiction.  XO Defendants filed a third party complaint against Henry Communications, Inc. on March 16, 2005.  On October 18, 2005, plaintiff filed an

---

[3] Specifically, the services included inbound toll free service, debit card platform services consisting of the balance information, number of minutes remaining and other information associated with a standard debit call card, terminating service, and standard reporting and access services. Am. Compl. ¶ 16; see also Compl., Ex. B.  Plaintiff also activated toll free numbers, rates schedules and PINS for services requested by XO Defendants. Am. Compl. ¶ 16.

[4] On April 15, 2002, plaintiff sent XO Defendants an invoice in the amount of $34,278.86 for services provided between April 4, 2002 and April 14, 2002. Id. ¶ 19.  On April 22, 2002, plaintiff sent XO Defendants an invoice in the amount of $34,164.17 for services provided between April 15, 2002 and April 21, 2002. Id. ¶ 20.  On May 1, 2002, plaintiff sent XO Defendants an invoice in the amount of $36,365.59 for services provided between April 22, 2002 and April 28, 2002. Id. ¶ 21.  On May 8, 2002, plaintiff sent XO Defendants an invoice in the amount of $43,097.30 for services provided between April 29, 2002 and May 7, 2002. Id. ¶ 22.  On May 21, 2002, plaintiff sent XO Defendants an invoice in the amount of $6,626.05 for services provided between May 8, 2002 and May 20, 2002. Id. ¶ 23.

Amended Complaint, adding Victor Quinones as a defendant. On February 3, 2006, the instant motion to dismiss or, in the alternative, motion for summary judgment was filed.[5]

## II.     LEGAL STANDARD

XO Defendants argue that, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's claims against XO Texas, Inc. should be dismissed for failure to state a claim and plaintiff's claims against XO Communications, Inc. should be dismissed because plaintiff failed to file a proof of claim after XO Communications, Inc. filed for Chapter 11 bankruptcy. Defs' Mot. at 1. A Rule 12(b) motion to dismiss a complaint must be filed before any responsive pleadings. Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). A post-answer motion to dismiss pursuant to Rule 12(b)(6) may be treated, in the court's discretion, as a Rule 12(c) motion for judgment on the pleadings. Trustees of the University of Pennsylvania v. Mayflower Transit, No. 97-1111, 1997 U.S. Dist. LEXIS 14577, at *4 (E.D. Pa. Sept. 16, 1997) (citing Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 36 (E.D. Pa 1990)); see also Turbe, 938 F.2d at 428; Prendergast v. Janecka, No. 00-CV-3099, 2001 U.S. Dist. LEXIS 9689, at *1 n.1 (E.D. Pa. July 10, 2001). Since the instant motion was filed after XO Defendants filed their second Answer, this motion shall be treated a Rule 12(c) motion for judgment on the pleadings. When a defense of failure to state a claim is asserted in a motion for judgment on the pleadings, the Rule 12(b)(6) standards are applied. Turbe, 938 F.2d at 428.

Dismissal for failure to state a claim pursuant to Rule 12(b)(6) is appropriate when it clearly appears that the plaintiff can prove no set of facts in support of the claim which would

---

[5] The instant motion was filed after XO Defendants answered plaintiff's Amended Complaint and over a month before the discovery deadline of April 10, 2006.

3

entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Robb v. City of Philadelphia, 733 F.2d 286. 290 (3d Cir. 1984).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), all facts alleged in the complaint must be accepted as true. Malia v. General Electric Co., 23 F.3d 828, 830 (3d Cir. 1994).  A court may consider any document appended to and referenced in the complaint on which plaintiff's claim is predicated. See Fed. R. Civ. P. 10(c); In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997); In re Westinghouse Securities Litigation, 90 F.3d 696, 707 (3d Cir. 1996).  A claim may be dismissed when the facts alleged and the reasonable inferences therefrom are legally insufficient to support the relief sought. See Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179-80 (3d Cir. 1988).

III.    DISCUSSION

A.    Claims Against Defendant XO Texas, Inc.

XO Defendants argue that, even accepting plaintiff's allegations as true, plaintiff fails to state a claim against XO Texas, Inc. ("XO Texas"). Defs' Memo. at 7-8.  XO Defendants base their argument on the fact that the Agreement, which is attached to plaintiff's original complaint, is silent as to XO Texas. Id. at 8.  In the Agreement, XO Texas is not mentioned by name; however, the address provided for XO Communications is the address of XO Texas. See id. at Ex. B; Am. Compl. ¶ 3.  Plaintiff alleges that Defendant Quinones, who signed the Agreement, was employed as a sales manager for both XO Communications, Inc. and XO Texas.  Am. Compl. ¶ 10.  Accepting the facts alleged in the Amended Complaint as true, this Court finds that plaintiff has adequately stated a claim against XO Texas.

XO Defendants also argue that the Amended Complaint contains allegations that

Defendant Quinones was authorized to enter into the Agreement on behalf of XO Communications, Inc., not XO Texas. Defs' Memo. at 8.  In its Amended Complaint, plaintiff defined XO Communications, Inc. and XO Texas collectively as "XO" or "XO Defendants." Am. Compl. ¶ 4.  Plaintiff alleged that Defendant Quinones "had authority, including but not limited to [actual], express, implied, and/or apparent authority, to bind Defendant XO to the agreement." Id. ¶ 14.  Since plaintiff defined "XO" to include both XO Communications, Inc. and XO Texas, plaintiff adequately pled that Defendant Quinones had authority to bind XO Texas to the Agreement.

B.      Affirmative Defense of Discharge in Bankruptcy

XO Defendants argue that plaintiff's claims against XO Communications, Inc. ("XO Communications") were discharged during XO Communications' bankruptcy proceedings and, as a result, plaintiff is barred from proceeding against XO Communications.[6] Defs' Memo. at 4-7.  To resolve a Rule 12(b)(6) motion, the court may take judicial notice of public records. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  In determining whether the affirmative defense of discharge in bankruptcy applies, it is appropriate to look not only to the face of the complaint, but also to public documents related to XO Communications' bankruptcy proceedings, of which judicial notice is hereby taken. See id; ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (noting that a claim is subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on the face

---

[6] XO Defendants did not assert the affirmative defense of discharge in bankruptcy in their Answer to plaintiff's Complaint or their Answer to plaintiff's Amended Complaint.  The first time the affirmative defense of discharge in bankruptcy was asserted was in the instant motion. On April 10, 2006, this Court granted XO Defendants' Motion for Leave to Amend Answer to Add Affirmative Defense of Discharge in Bankruptcy.

of the complaint).

On June 17, 2002, XO Communications filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court, Southern District of New York. Defs' Memo., Ex. C. The bankruptcy court set July 22, 2002 as the deadline for filing proofs of claims. Id, Ex. D. The court ordered that any claim holder required to file a proof of claim that failed to file a proof of claim on or before July 22, 2002 would be forever barred, estopped, and permanently enjoined from asserting such claim. Id., Ex. D ¶ 8. XO Defendants argue that since plaintiff did not file a claim on or before July 22, 2002, plaintiff's claims against XO Communications were discharged by the 2002 reorganization. See id., Ex. F.

Inadequate notice is a defect which precludes discharge of a claim in bankruptcy. Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995). Bankruptcy law divides claimants into two types, known and unknown. Id. XO Defendants contend that plaintiff was an unknown creditor and therefore, notice by publication in the Wall Street Journal was sufficient. Defs' Memo. at 5; see also Chemetron, 72 F.3d at 346 (noting that notice by publication generally is sufficient for unknown creditors). Plaintiff argues that it was a known creditor and, therefore, actual written notice of the bankruptcy filing was required. Pl's Resp. at 12; see also Chemetron, 72 F.3d at 346 (citing City of New York v. New York N.H. & H.R. Co., 344 U.S. 293, 296 (1953)) (noting that known creditors must be provided actual written notice).

It is not apparent from the Amended Complaint and the public documents related to XO Communications' bankruptcy proceedings whether plaintiff was a known or unknown creditor. Further development of the record is needed in order to determine whether the affirmative defense of discharge in bankruptcy applies. See Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651,

657 (3d Cir. 2003) (noting that facts necessary to establish an affirmative defense must generally come from matters outside the complaint). Therefore, XO Defendants' motion to dismiss the claims against XO Communications based on the affirmative defense of discharge in bankruptcy is denied.[7]

IV.     CONCLUSION

    Accordingly, XO Defendants' motion is denied. An appropriate order follows.

---

[7] XO Defendants' motion to dismiss states that it is alternatively a motion for summary judgment. Defs' Mot. at 1. However, the memorandum of law provided is "in support of Defendants' Motion to Dismiss." Defs' Memo. at 1. XO Defendants never clearly set forth an alternative motion for summary judgment. See id.

    While XO Defendants attached exhibits outside the pleadings for this Court to consider, only one exhibit, Exhibit E, is not properly considered when deciding a motion to dismiss. When matters outside the pleadings are considered on a motion to dismiss or a motion for judgment, the motion is treated as one for summary judgment and all parties must be given reasonable opportunity to present all material pertinent to such a motion. Fed. R. Civ. Proc. 12(b), (c). Since the first time that XO Defendants asserted the affirmative defense of discharge in bankruptcy was in the instant motion, this Court finds that plaintiff has not had a "reasonable opportunity" to present all material pertinent to such a motion. See Pl's Resp. at 2 (noting that a summary judgment motion is premature and that certain issues of fact at the heart of his motion could be clarified through additional deposition testimony). Therefore, this Court will not convert XO Defendants' Motion to Dismiss into a Motion for Summary Judgment.